UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TERRANCE BAILEY,

        Petitioner,               Case No. 14-cv-12440

v                                       Honorable Thomas L. Ludington

DUNCAN MACLAREN,

        Respondent.

_____/

**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR EVIDENTIARY HEARING, LEAVE TO CONDUCT DISCOVERY, AND FOR APPOINTMENT OF COUNSEL**

On June 23, 2014, Petitioner Terrance Bailey, a state inmate, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. That same day, Bailey also filed a motion for an evidentiary hearing, for leave to conduct limited discovery, and for appointment of counsel. *See* ECF No 2. Bailey's motion concerns his allegation that suppressed DNA evidence from his criminal sexual conduct case will support his habeas claims.

With respect to Bailey's motion for discovery, Habeas Rule 6(a) permits district courts to authorize discovery in habeas corpus proceedings "if and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so." Rules Governing Section 2254 Cases in the United States District Courts, R. 6(a). However, "habeas petitioners have no right to automatic discovery." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). "Rule 6 embodies the principle that a court must provide discovery in a habeas proceeding only 'where specific allegations before the court show reason to believe that the petitioner may, if the

facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Williams v. Bagley*, 380 F.3d 932, 975 (6th Cir. 2004) (quoting *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997)). Respondent has not yet filed the state court record. *See* ECF No. 4 (requiring response by December 29, 2014). If, after reviewing the record, the Court determines that discovery is warranted, the Court will reconsider Bailey's request.

Bailey also requests an evidentiary hearing. In *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011), the Supreme Court held that where habeas claims had been decided on their merits in state court, a federal court's review under 28 U.S.C. § 2254(d)(1)—whether the state court determination was contrary to or an unreasonable application of established federal law—must be confined to the record that was before the state court. 131 S. Ct. at 1398. The *Pinholster* Court specifically held that a district court should not have conducted an evidentiary hearing regarding Pinholster's claims until after the Court determined that the petition survived review under § 2254(d)(1). *Id.* at 1398.

Here, there has been no determination that Bailey's petition survives review under § 2254(d). Therefore, Bailey's motion for an evidentiary hearing will be denied without prejudice. The Court will reconsider the request if it determines that some or all of Bailey's claims survive review under § 2254(d)(1).

With respect to Bailey's request for the appointment of counsel, the constitutional right to counsel in criminal proceedings provided by the Sixth Amendment does not apply to an application for writ of habeas corpus, which is a civil proceeding. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). A district court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States

- 3 -

magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In this case, after the Court has reviewed the pleadings and state court record, including Respondent's motion for summary judgment and Bailey's response to that motion, if the Court determines that appointment of counsel is necessary, then it will do so at that time.

Bailey need not file any further motions regarding these issues.

Accordingly, **IT IS ORDERED** that Bailey's motion (ECF No. 2) is **DENIED WITHOUT PREJUDICE**.

                                       s/Thomas L. Ludington
                                       THOMAS L. LUDINGTON
                                       United States District Judge

Dated: October 29, 2014

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Terrance Bailey #344268 at Kinross Correctional Facility, 16770 S. Watertower Drive, Kincheloe, Mi 49788 by U.S. mail on October 29, 2014.

                         s/Tracy A. Jacobs
                         TRACY A. JACOBS