UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TERRANCE BAILEY,

          Petitioner,          Case No. 14-cv-12440

v          Honorable Thomas L. Ludington

DUNCAN MACLAREN,

          Respondent.
_____/

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT, DISMISSING PETITION FOR HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

On June 23, 2014, Petitioner Terrance Bailey, a Michigan Department of Corrections prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges his multiple convictions for criminal sexual conduct and kidnapping stemming from two sets of charges tried separately in the Wayne Circuit Court in 2007. As a result of his convictions, Petitioner is serving a controlling sentence of 40-to-60 years' imprisonment as well as lesser terms.

On December 22, 2014, Respondent filed a motion for summary judgment, contending that Bailey's petition was untimely. Bailey filed a response to the motion, claiming that he is entitled to equitable tolling because he is actually innocent. Bailey's petition will be dismissed because it does not comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d) and because he is not entitled to equitable tolling.

**I.**

Bailey was charged in connection with the kidnapping and sexual assault of two young girls in Detroit. Both victims testified at separate trials that while they were on their way to school they were abducted by a man driving a white van. The man transported them to a house where he sexually assaulted them. Both victims' descriptions of the house and its contents were consistent.

At both trials, a third girl testified that a man driving a white van abducted her while she was waiting at a school bus stop. When the van stopped at a red light, she managed to escape and contact the police. Officers spotted a vehicle matching the van's description, and arrested Bailey. All three girls identified Bailey as their abductor at a police lineup. DNA tests performed on samples taken from the two victims proved inconclusive.

Following his convictions, Bailey filed consolidated direct appeals in the Michigan Court of Appeals. The court issued an unpublished opinion affirming the convictions. *People v. Bailey*, 2009 WL 1439112, at *1 (Mich. Ct. App. May 21, 2009). The court, however, reversed Bailey's sentence for one of his cases. Bailey was resentenced on July 2, 2009, but he did not further appeal that sentence.

On July 10, 2009, Bailey filed an application for leave to appeal in the Michigan Supreme Court. On October 26, 2009, the Michigan Supreme Court denied leave to appeal. *People v. Bailey*, 773 N.W.2d 674 (Mich. 2009).

Bailey filed a motion for relief from judgment in the trial court on March 7, 2011. The motion was denied on June 13, 2011. Bailey appealed, but on November 30, 2012, the Michigan Court of Appeals denied leave to appeal. *People v. Bailey*, No. 310664 (Mich. Ct. App. Nov. 30, 2012). Bailey applied for leave to appeal to the Michigan Supreme Court, but his application

was denied on July 30, 2013, and reconsideration was denied on September 30, 2013. *People v. Bailey*, 843 N.W.2d 146 (Mich. 2013).

Bailey signed the present habeas petition on June 16, 2014, and Respondent concedes that this is the date it should be considered filed for statute of limitations purposes. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999).

## II.

Respondent claims that Bailey's petitioner is untimely and should be dismissed. In response, Bailey claims that he is entitled to equitable tolling because he is actually innocent.

### A.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year period of limitation for a habeas petition filed by a state prisoner seeking habeas relief from a state court judgment. 28 U.S.C. § 2244(d)(1). The limitation period is tolled while "a *properly filed* application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2).

The parties agree that the limitation period began to run in this action when Bailey's conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Michigan Supreme Court denied leave to appeal on direct review on October 26, 2009. The federal limitations period therefore began running ninety-two days later, on Tuesday, January 26, 2010—the day after the deadline passed for filing a petition for a writ of certiorari in the U.S. Supreme Court. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The limitation period expired one year later on January 26, 2011.

About a month after the limitations period expired, Bailey filed a motion for relief from judgment in the trial court on March 7, 2011. This filing did not toll the limitations period, however, because it was not a "properly filed" application for post-conviction relief in the state court. 28 U.S.C. § 2244(d)(2). The filing for state post-conviction review does not reset the limitation period that has already expired. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001).

**B.**

Bailey's response does not dispute these calculations. Rather, he asserts that he is entitled to proceed on his petition because he is actually innocent.

The AEDPA statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005).

To support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. In keeping with Supreme Court authority, the Sixth Circuit has recognized that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321).

**i.**

In support of his claim of actual innocence, Bailey notes that the Detroit Police Department's Forensic Services Division was closed in September 2008 because of errors and inconsistencies by firearms examiners. From this, Bailey suggests that there also may have been problems with the DNA unit, resulting in the possible loss or mishandling of potentially exculpatory DNA evidence.

This speculative argument does not come close to meeting the exacting standard for demonstrating actual innocence under *Schlup*. First, Bailey has not proffered any evidence that the unit within the Forensics Division responsible for DNA testing suffered any of the deficiencies present in the firearm unit. The new evidence, at best, amounts to a mere suggestion that inadequacies in one unit may lead to a finding of inadequacies in another unit.

Second, DNA evidence was not used to link Bailey to the crimes. At both trials, the forensic examiner testified that the samples in both cases revealed only trace amounts of semen, but no sperm cells, which made testing for a DNA profile difficult. Moreover, forensic test results were inconclusive. In contrast, Bailey's identity was established by the mutually corroborating testimony of the three victims, who gave consistent descriptions of Bailey's vehicle and house, and were able to identify him in a lineup. In light of the evidence presented at his trials, and in light of the speculative nature of Petitioner's new evidence, it cannot be said that "it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327-28.

**ii.**

Nor is Bailey entitled to discovery or retesting of the forensics evidence based on his speculative claim. Rule 6(a) permits district courts to authorize discovery in habeas corpus

proceedings "if and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so." Rules Governing Section 2254 Cases in the United States District Courts, R. 6(a). However, "habeas petitioners have no right to automatic discovery." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). "Rule 6 embodies the principle that a court must provide discovery in a habeas proceeding only 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Williams v. Bagley*, 380 F.3d 932, 975 (6th Cir. 2004) (quoting *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997)). Where a petitioner merely makes a speculative allegation that DNA testing may exonerate him, he has not made the requisite showing entitling him to discovery or further development of his claim. Such "fishing expeditions" are not permitted by Rule 6. *See, e.g.*, *Arthur v. Allen*, 459 F.3d 1310, 1310-1311 (11th Cir. 2006) (denying discovery based on unsupported allegation that DNA testing might exonerate the petitioner); *Lave v. Dretke*, 416 F.3d 372, 380-381 (5th Cir. 2005) (same). Accordingly, Bailey is not entitled to discovery.

### III.

Before Bailey may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a

valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. Here, jurists of reason would not find the Court's procedural ruling debatable. Therefore, a certificate of appealability and permission to proceed *in forma pauperis* on appeal will be denied.

**IV.**

Bailey has not demonstrated an entitlement to equitable tolling, and therefore the petition will be dismissed as untimely.

Accordingly, it is **ORDERED** that Respondent's Motion for Summary Judgment (ECF No. 7) is **GRANTED**.

It is further **ORDERED** that the petition for a writ of habeas corpus (ECF No. 1) is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that a certificate of appealability and permission to appeal in forma pauperis are **DENIED**.

                                                      s/Thomas L. Ludington
                                                      THOMAS L. LUDINGTON
                                                      United States District Judge

Dated: February 20, 2015

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Terrance Bailey #344268 at Kinross Correctional Facility, 16770 S. Watertower Drive, Kincheloe, MI 49788 by first class U.S. mail on February 20, 2015.

                             s/Tracy A. Jacobs
                             TRACY A. JACOBS